12-266-cr
*United States v. Phillips*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
 GERARD E. LYNCH,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

 *Appellee,*  No. 12-266-cr

 v.

GLENROY PHILLIPS,

 *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**  Gary S. Villanueva, New York, NY.

**FOR APPELLEE:**  Emily Berger, Justin D. Lerer, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Glenroy Phillips appeals from his judgment of conviction entered by the District Court on November 10, 2011.

## BACKGROUND

On July 2, 2009, Phillips was convicted after a jury trial of: (1) conspiracy to import a controlled substance, in violation of 21 U.S.C. §§ 952(a) and 963; (2) conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (3) attempt to import a controlled substance, in violation of 21 U.S.C. §§ 952(a) and 963; and (4) attempt to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. His co-defendant, Baron Clarke, was acquitted on these same charges.

At the time these offenses were committed, Phillips was employed as a supervisor at Aircraft Services International Group ("ASIG"), a baggage handling company at JFK Airport. The Government proved at trial that Phillips had arranged with another individual, Hansel Belgrave, to take a bag containing ten kilograms of cocaine off an international flight arriving at JFK. Phillips was unaware that Belgrave was a confidential informant for the Government, that Belgrave was recording their conversations, and that the cocaine was in fact "sham" cocaine prepared by law enforcement agents. Because the flight on which the "cocaine" would arrive was not serviced by ASIG, Phillips recruited Paulette Drysdale, who worked for Swissport International ("Swissport"), the company servicing the flight. Drysdale in turn recruited Clarke—Phillips's co-defendant—who was employed as a baggage handler for Swissport.

At trial, the Government introduced several of Phillips's inculpatory post-arrest statements, and played for the jury several calls between Phillips and both Clarke and Drysdale, which had been obtained pursuant to a wiretap authorized under Title III. The Government also called as witnesses during its case-in-chief Belgrave, Drysdale, and the Special Agent assigned to the case. Phillips's defense case consisted of reading one stipulation.

On July 2, 2009, Phillips was convicted on all charges. On October 6, 2011, the District Court principally sentenced Phillips to a total of 96 months' imprisonment—60 months' imprisonment on each of Counts One–Three, to run concurrent with each other, and 36 months' imprisonment on Count Four, to run consecutive to Counts One–Three.

**DISCUSSION**

Phillips raises two issues on appeal: (1) that the District Court abused its discretion in not granting his motions to sever his trial from that of his co-defendant, Clarke; and (2) that there was insufficient evidence of a conspiracy to support a guilty verdict on the conspiracy counts.

First, based upon our review of the record, the District Court did not abuse its discretion in denying Phillips's severance motions. Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Here, Phillips claims that he suffered prejudice from the denial of his motion in two ways: first, because his right to testify was encumbered by Clarke's defense, which was "antagonistic" to him; and second, because the joint trial with his co-defendant resulted in the admission against Phillips of prejudicial propensity evidence that would not otherwise have been admissible. As to the former argument, Phillips emphasizes that Clarke's defense was that Phillips sought to use Clarke as his "fall guy," and that Clarke did not get "sucked in all of the way." However, we have previously stated that a "trial need not be severed simply because codefendants raise conflicting defenses." *United States v. Blount*, 291 F.3d 201, 209 (2d Cir. 2002). As to the latter argument, Phillips fails to point to any specific evidence admitted against him at trial that would not have been admissible against him, for one reason or another, had he been tried alone.

Because the decision whether to sever is committed to the sound discretion of the trial judge, the denial of such a motion "should be reversed only when a defendant can show prejudice so severe as to amount to a denial of a constitutionally fair trial, or so severe that his conviction constituted as miscarriage of justice." *Id.* (internal quotation marks and citations omitted). To the extent that any prejudice claimed by Phillips even existed, it assuredly did not rise to such a level. Accordingly, the District Court did not abuse its discretion in denying Phillips's motions to sever.

Second, based upon our review of the record, there was sufficient evidence of a conspiracy to support the jury's guilty verdicts on Counts One and Two. A challenge to the sufficiency of the evidence is reviewed *de novo*. *See United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010). A jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (emphasis in original) (internal quotation marks and citation omitted). Moreover, in considering the sufficiency of the evidence, a court must view all of the evidence in the light most favorable to the Government. *See United States v. Temple*, 447 F.3d 130, 136–37 (2d Cir. 2006).

Phillips argues that the Government failed to prove the existence of any agreement sufficient to support the conspiracy counts on which the jury convicted him. In doing so, he attempts to characterize Drysdale as having refused to join the conspiracy. However, viewing the evidence in the light most favorable to the Government, we cannot agree. The recorded phone calls and

Drysdale's own testimony established that she recruited Clarke to retrieve the bag containing the purported cocaine, which is clear evidence of her agreement to join the conspiracy. Because a rational trier of fact could have found that Drysdale agreed with Phillips to import cocaine, there was sufficient evidence to support a guilty verdict against Phillips on Counts One and Two.

## **CONCLUSION**

We have considered all of the arguments raised by Phillips on appeal and find them to be without merit. For the reasons stated above, the November 10, 2011 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4